Downey, Judge,
delivered the opinion of the court:
The plaintiff had entered into a contract with the United States for the production of certain war materials described as machine-gun truck bodies, and for the purpose of expediting the carrying on of the work by the plaintiff it had been provided in the contract that the United States would pay to the plaintiff the cost, not exceeding $20,000, of all special tools, jigs, patterns, and fixtures required for the carrying on of the work, such tools, etc., so paid for to be and remain the property of the United States.
The plaintiff furnished special tools, dies, jigs, etc., to the value of $16,279.70, for which sum a voucher was prepared with the schedule or inventory of such tools attached thereto, which voucher was properly certified, and on April 1, 1919, the amount thereof was paid to the plaintiff. Upon the schedule attached to said voucher due certification was made by the accountant in charge as to their correctness, and an officer from the Production Division of the Ordnance Department of the Army, presumably duly authorized, certified he had inspected and accepted the property scheduled. Another officer of the Ordnance Department, referred to as the property officer, receipted for all of such property, and from the property officer as indicated by receipt attached it went into the possession of the plaintiff company. On the 14th of February, subsequent to the preparation and certification of *260 this voucher, but before its payment, a disastrous fire occurred in plaintiff’s plant, as a result of which considerable of plaintiff’s property was destroyed, and together therewith a part of the tools, etc., for which said voucher had been issued and paid, were destroyed, and on account thereof there was deducted from a subsequent voucher issued to the plaintiff for payment on another and different contract the sum of $6,174.49, as the value of the portion of the tools included in said voucher which had been destroyed in said fire.
Upon the face of the transaction as it is stated it would seem that but one conclusion was tenable, but as against that it is contended by the defendant that the tools destroyed in this fire were not the property of the United States at that time, and the contention is based largely upon the assumption that under the contract it was incumbent upon the plaintiff company to segregate these tools and to mark them the property of the United States, and that because there remained yet these duties to be performed by the plaintiff company title to the property could not vest in the United States until these things had been done, and authorities are cited.
With this contention we can not agree. And it does not seem necessary to consider authorities bearing upon the question as to the particular time at which title to property may pass under a sale, since the matter is disposed of, as it seems to us, by a specific provision in the contract.
In article 7 of the contract, under the subhead “ Nesting in the United States of title to property to be paid for by United States,” it is provided that :
“ The title to the articles or work, whether completed or in process of manufacture of completion, and also to all machinery, equipment, tools, parts, materials, supplies, and other property which it is contemplated by the provisions of this contract shall belong to the United States, shall vest-in the United States immediately upon inspection and acceptance thereof and receipt therefor by the properly authorized representative of the United States.”
In the same article it is also provided that all property title to which is vested in the United States shall, so far as practicable, be kept separate from property belonging to the *261 contractor and sliall be marked by the contractor in such, manner as the contracting officer may direct.
In view of the quoted provision of the contract and of the finding that the property had been examined and accepted by the proper representative of the United States, it seems only necessary to suggest that the further provisions of this article impose duties the performance of which could not in any manner be regarded as necessarily precedent to the passing of title. They were duties imposed but they were plainly duties imposed on plaintiff with reference to property of the United States.
There is no contention that the loss of this property by fire was in any manner due to any negligence on the part of the plaintiff and no reason appears why the plaintiff should not recover the value therefor, and it has been so ordered. Judgment for plaintiff in the sum of $6,174.49.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.